Z. M. YOUNG v. Z. VANHOOSER et al.

CHANCERY PLEADINGS AND PRACTICE. *Purchaser of land at tax sale.* The remedy of the purchaser at tax sale of land in the custody of the court of chancery at the time is by petition *pro interesse suo* in the chancery suit, setting out his title, and asking possession thereon, or for leave to assert the title in an independent action, and an original bill against all parties to the chancery suit, without leave, cannot be maintained.

FROM JACKSON.

Appeal from the Chancery Court at Gainesboro, W. G. CROWLEY, Ch.

G. H. MORGAN and W. P. WASHBURNE for complainant.

R. A. COX for defendants.

COOPER, J., delivered the opinion of the court.

On November 20, 1867, L. J. Lowe, as administrator of the estate of B. E. Williams, filed a bill in the chancery court against the heirs of his intestate to sell a certain tract of land for the payment of debts. He afterwards resigned, and John Vanhooser was appointed in his place, and on December 13, 1871, filed an amended and supplemental bill against the heirs and creditors of the estate for the same purpose, and to set aside a deed made by the intestate conveying the land to Wm. Williams, his grandson. Subsequently John Vanhooser died, and M. G. Butler was

appointed administrator of the original intestate, and continued the prosecution of the suit.

These bills still pending, the present bill was filed on January 7, 1875, to enjoin a writ of possession issued in those causes to put a renter in possession of the land. The complainant, after stating the foregoing facts, says, that on the first Monday of July, 1873, the land was sold by the revenue collector for unpaid taxes, and bought by him at the price of $5.42; that the sale was reported to the circuit court and confirmed; that on November 23, 1874, after the time for redemption had expired, the collector executed to him a deed, and on the —— day of ——, 1874, thereafter, the complainant was put in possession of the land by a writ from the circuit court. The bill also says that several years ago the defendant, R. A. Cox, who was then the clerk and master of the chancery court, was appointed receiver under the amended bill of John Vanhooser *v.* Z. Vanhooser and others, to rent out said land, and, at the October term, 1874, of said court, M. G. Butler, administrator, etc., who was then prosecuting the suit, procured an order for said Cox to rent said land for 1875. Under this order the land was rented, and the writ of possession, which was enjoined, issued. The present bill was filed against all parties to the administration suit, insisting in behalf of complainant on his tax title. There was also an averment of waste of personal assets by the first administrators, which need not be noticed, the complainant standing in no attitude to make such an issue.

A motion to dismiss the bill for want of equity was overruled, but the chancellor afterward sustained a demurrer, and the complainant appealed.

The bill shows upon its face that when the complainant obtained possession of the land, the land was in custody of the chancery court, not merely by the bill to sell the land to pay debts and the bill to set aside the conveyance by the intestate to his grandson, but by the appointment of a receiver. The possession of the court of chancery through its receiver cannot lawfully be interfered with: High. on Rec., sec. 163. The remedy of the complainant was by petition *pro interesse suo* in the suit in which the receivership exists, setting out his title, and asking for possession on the title, or leave to assert the title in a suit for the purpose: *Ib.,* sec. 143; *Dixon* v. *Smith,* 1 Swanst., 457; *Eyton* v. *Denbigh, etc., Ry. Co.,* L. R. 6 Eq., 14. And this is necessary even where the receiver has not actually taken possession: *Ames* v. *Trustees, etc.,* 20 Beav., 332. Taking possession without permission of the court, was a contempt of the court.

The bill was properly dismissed, but the dismissal should be without prejudice to the complainant's right to file his petition *pro interesse suo* in the original cause.

Affirm with this modification.